NORTHWEST ARKANSAS AREA AGENCY ON AGING
and Risk Management Resources *v.*
Norma GOLMON and Harry Golmon, *et al.*

CA 99-1030                                    15 S.W.3d 363

Court of Appeals of Arkansas
Division III
Opinion delivered April 26, 2000

*Walter A. Murray,* for appellant.

*Blair & Stroud,* by: *H. David Blair* and *Kincade Law Office,* by: *Ronald P. Kincade,* for appellees.

WENDELL L. GRIFFEN, Judge. Northwest Arkansas Area Agency on Aging ("the agency") and Risk Management Resources appeal from the order of the Baxter County Circuit Court that set aside an order allowing appellants to intervene in a negligence suit because the court determined that their petition to intervene was not timely. For reversal, appellants argue that the trial court abused its discretion in holding that their petition to intervene was not timely. We agree and reverse and remand to allow appellants to intervene.

Norma Golmon, an appellee in this case, was working for the agency when she was injured in a car accident on October 6, 1995. As Golmon approached the intersection of Highway 210 and Old Military Road, appellee Charles McCarney entered the intersection and struck Golmon's car, injuring her. In a letter dated October 20, 1995, the agency's insurance carrier notified McCarney's insurance carrier of its intent to claim its subrogation rights against them. Risk Management, the agency's workers' compensation carrier, eventually paid medical benefits, temporary total disability benefits, and permanent partial disability benefits to Golmon.

On September 17, 1998, Golmon filed a negligence suit against McCarney and his employer, Town and Country Discount Foods, and the rental company that owned the truck McCarney was driving. In a letter dated December 8, 1998, (received by appellants on December 21, 1998), appellants were given notice of the lawsuit. On December 16, 1998, appellee Golmon filed a motion to extend time for an additional sixty days, until March 16, 1999, to complete service upon McCarney. The court granted the motion on February 25, 1999.

Golmon died on January 19, 1999, and her husband, Harry Golmon, was appointed administrator of her estate. On January 20, 1999, appellee Town and Country Discount Foods filed a motion for summary judgment alleging that McCarney was not its employee. On January 26, 1999, Golmon and McCarney reached a tentative settlement agreement. On March 3, 1999, the parties in the negligence case filed a petition for approval of a settlement and sent notice of the petition to appellants. On March 10, 1999, appellants served notice to appellees of their motion to intervene. Judge Robert McCorkindale granted the motion to intervene on March 11, 1999, although the parties in this case were apparently

unaware the order had been entered, and although Golmon's extension for completing service on McCarney had not expired.

On March 19, 1999, Golmon filed an opposition to intervention. Each appellee filed an answer to the petition to intervene, and requested that the trial court dismiss appellants' petition. Golmon's answer was filed on April 13, 1999, and alleged that appellants waived their right to intervene by filing their motion in an untimely manner, and because the statute of limitations had expired on its cause-of-action. Judge Gary Isbell presided over the May 6, 1999 hearing on Town and Country's motion for summary judgment and the objections to the motion to intervene. Judge Isbell granted Town and Country's motion for summary judgment, and struck the order granting the petition to intervene because the parties were apparently unaware the order had been filed and no hearing on the matter had been conducted. He then heard testimony on appellants' petition to intervene.

Golmon argued below that appellants had notice of their right to intervene since the date of Norma Golmon's injury, October 6, 1995, and that appellants had notice of the pending suit in December 1998 but chose not to act until March 11, 1999. Golmon also argued that the statute of limitations had expired on the claim. Appellants argued that they did not receive timely notice of the lawsuit but had acted in timely fashion after they received notice.

The trial court considered how far the proceedings had progressed, the prejudice to other parties caused by the appellants' delay in filing the petition to intervene, and the reason for the delay in filing. The court stated that appellants admitted that their right to pursue repayment began when Norma Golman was injured in 1995. The court found that the proceedings had progressed to the point of settlement and that there would be substantial prejudice to the rights and expectations of Golmon to have the terms of the settlement diluted by claims that were not in contemplation during the litigation or during settlement negotiations, and that no viable or reasonable reason was given for the delay. However, the court declined to rule on the statute of limitations issue, stating that sufficient facts had not been presented upon which the court could make such a ruling.

## I. Law Governing Motions to Intervene

Arkansas Code Annotated section 11-9-410 (Repl. 1996), which allows a carrier to recover some of the funds expended on workers' compensation benefits, provides:

> (a) Liability Unaffected.
>
> (1)(A) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make a claim or maintain an action in court against any third party for the injury, but *the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action.*
>
> (B) If they, or either of them, join in the action, they shall be entitled to a first lien upon two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(Emphasis added.)

Rule 24 of the Arkansas Rules of Civil Procedure governs interventions, and provides:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) *when a statute of this state confers an unconditional right to intervene*; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(Emphasis added.)

██ It is clear under Arkansas law that a denial of a motion to intervene is appealable. *See Cupples Farms Partnership v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 839 S.W.2d 187 (1992). While a party may intervene to enforce his interest under section 11-9-410 as a matter of right, the intervention must nonetheless be timely.*See Bank of Quitman v. Phillips*, 270 Ark. 53, 603 S.W.2d 450 (1980). It is also clear that a party who does not intervene to assert

his rights under section 11-9-410 waives those rights. *See John Garner Meats v. Ault*, 38 Ark. App. 111, 828 S.W.2d 866 (1992). Whether an intervention is timely under Rule 24 lies within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *See Cupples, supra.*

Appellants argue they were denied both reasonable notice of the suit and an opportunity to intervene because Golmon did not provide notice of the lawsuit until December 21, 1998, three months after the suit was filed. Appellants maintain that they acted timely in that when they received notice, they retained counsel in this matter. Even so, appellants failed to act until March 11, 1999, and only after they were notified that the parties had reached a settlement. Appellants defend their failure to act until March 11 by noting that they relied on a letter from McCarney's insurance adjuster in which the adjuster acknowledged their lien and stated that they would be a payee on Golmon's settlement check when it was issued. Therefore, appellants argue they had no reason to think that settlement would be "quickly made."

Appellees are correct that this letter from the insurance adjuster in no way relieves appellants of their obligation under section 11-9-410 or Rule 24. Moreover, it is true that appellants did not file their motion to intervene until after the parties had reached a tentative settlement and had petitioned the court for a date for the court to approve the settlement. However, we hold that appellants' motion to intervene was not untimely and that the trial court abused its discretion in striking the motion.

First, we note that the trial court granted Golmon's motion for extension of time from January 15, 1999, until March 16, 1999, to complete service upon McCarney. Appellants' March 10, 1999 motion to intervene was brought six days before the end of the extended period for completing service on McCarney. The trial court noted appellants' failure to act until after the parties reached a settlement, stating, "[T]he concept of joining-in does not to this Court contemplate riding along on the efforts of others and then sharing in the proceeds." We do not share the trial court's characterization of appellants' actions. When appellants filed their motion, the court had neither approved the settlement nor scheduled a court date for reviewing the settlement. Had that court date been set, appellants would have been entitled to three days' written

notice of that date and would have been entitled to a hearing on the issue of whether the court should approve the settlement. *See* Ark. Code Ann. § 11-9-410(c)(3)(Repl. 1996). The record contains no facts which support the conclusion that time was of the essence.

Second, we do not reach the merits of the statute of limitations argument because the trial court did not decide that issue. However, we note the incongruity of Golmon's conduct and the argument that the motion to intervene was untimely. Golmon knew that appellants' right to intervene might arguably expire on October 6, 1998, three years after the date of Norma Golmon's accident. Yet, Golmon neglected to notify appellant of the lawsuit until after that date had passed.

Further, it is inaccurate to maintain that Golmon will now be prejudiced by claims that were not in contemplation during the litigation or during settlement negotiations. Golmon plainly contemplated appellants' right to intervene in this case while conducting settlement negotiations because he notified appellants of the suit *before* appellees reached a tentative settlement negotiation.

The trial court allowed Golmon an additional sixty days to serve McCarney. Golmon waited almost three months after filing the lawsuit before notifying appellants that they had sued. Given all of the foregoing factors, we hold that the trial court abused its discretion in denying appellants' motion to intervene as untimely.

Reversed and remanded.

JENNINGS and NEAL, JJ., agree.