Cite as 2025 Ark. App. 262

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-232

| | |
|---|---|
| | **Opinion Delivered** April 23, 2025 |
| ADEVCA, LLC, D/B/A CROFT-AMERICAN MADE MATTRESSES AND BRIAN CROFT<br><br>APPELLANTS | |
| | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-23-719] |
| V. | |
| | HONORABLE DOUG SCHRANTZ, JUDGE |
| HP RETAIL, LLC | |
| APPELLEE | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellants ADEVCA, LLC, d/b/a Croft-American Made Mattresses and Brian Croft appeal the Benton County Circuit Court's December 7, 2023 order denying appellants' motion to set aside the default judgment entered in favor of appellee HP Retail, LLC. For reversal, appellants argue that the circuit court abused its discretion by failing to set aside the default judgment because appellants demonstrated excusable neglect and a meritorious defense. We affirm.

On March 17, 2023, appellee brought a breach-of-contract action against appellants. The complaint alleged that, on February 18, 2015, Joplimo Mattress, LLC ("Joplimo"), and appellee executed a five-year lease agreement for a commercial space in Rogers, Arkansas. The lease provided the option to renew the lease term for three successive five-year periods. Appellant Croft, by signature, with no representative-capacity designation, guaranteed the full and complete performance of the lease covenants and obligations.

On June 1, 2020, appellant ADEVCA and appellee entered into a first amendment to the lease, which assigned the lease from Joplimo to appellant ADEVCA. The first amendment further acknowledged that appellant ADEVCA, as tenant, exercised its first renewal option for an additional five-year term ending July 31, 2025.

Appellee's breach-of-contract complaint alleged that beginning October 2022, appellant ADEVCA failed to make rent payments as required under the lease agreement and had since closed the business and vacated the premises. It further alleged that under the guarantee, Croft was personally liable for the unpaid and past-due rent amounts. Appellee filed a breach-of-contract claim seeking money damages for unpaid, past due, and future rent payments.

Appellants were served the summons and complaint on April 5 and filed an answer to the complaint on May 11 admitting that no rent payments had been made since October 2022 but denying that appellants were under any obligation or liability to do so. Additionally, appellants asserted the affirmative defenses of estoppel, waiver, and unclean hands. On May 12, appellee moved for default judgment, claiming that appellants had failed to file a timely answer. The default-judgment motion stated that appellant Croft, an "authorized agent by appointment or by law to receive service on behalf of ADEVCA, LLC d/b/a American Made Mattress," was served with the complaint on April 5 and had failed to timely file a responsive pleading. It stated that pursuant to Arkansas Rule of Civil Procedure 12(a), appellants had until May 5, or thirty days after service, to file a responsive pleading yet failed to do so until May 11 without seeking leave to file late. Therefore, pursuant to Rule 55 of the Arkansas Rules of Civil Procedure, appellee is entitled to default judgment.

On May 16, appellants filed a response to appellee's motion for default judgment asserting that a default judgment would substantially affect appellants' rights because "they are not the proper parties to this action." Appellants further filed separate motions to dismiss for lack of standing and failure to state a claim upon which relief can be granted pursuant to Arkansas Rule of Civil Procedure 12(b)(6). Appellee filed a reply to appellants' response to its motion for default judgment, stating that appellants' meritorious-defense claims need not be considered because they "did not even attempt to demonstrate that their failure to timely answer was due to a mistake, inadvertence, surprise, excusable neglect, or other just cause under Rule 55."

On June 8, the circuit court issued a letter opinion stating:

[Appellants] clearly did not file an answer or other response timely. While default judgments may not be preferred, failure to pay attention to process and to timeliness of responses cannot be ignored without special circumstances. [Appellants] offer no excuse nor excusable neglect. Therefore the motion for default is granted.

A formal order granting appellee's motion for default and denying as moot appellants' motions to dismiss was filed on July 10.

Appellants moved to set aside default judgment on July 20, asserting they mistakenly believed they were served with the summons on April 18, not April 5. Appellants stated that because of the mistake and excusable neglect in failing to timely answer the complaint and because they have a meritorious defense to the complaint, the default judgment should be set aside pursuant to Rule 55(c)(1). In response, appellee asserted that a mistaken belief regarding the service date is not enough to set aside a default judgment. In reply, appellants stated that the late filing of the answer was the result of a "genuine mistake." Appellant Croft claimed that he believed he was served with the complaint on April 18, the same day he attended a hearing in his pending divorce. He further claimed that, at around the time of service, he "and his employees had been receiving death threats from a

previous employee and [he] was working with the police to prevent the suspect from acting on these threats or making further threats against him, his family or his employees." Appellant Croft claimed that his contested divorce hearing, the extensive discovery and document production in the divorce case, and his fear of the death threats as well as his assisting the police department all contributed to the mistaken belief that he had been served on April 18 instead of April 5. The circuit court, in an August 10 letter opinion, denied appellants' motion to set aside the default judgment. The formal order denying the motion was filed on August 21. Appellants appealed.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Arkansas Rules of Civil Procedure, a default judgment may be entered against him.[1] Default judgments are not favorites of the law and should be avoided when possible.[2] One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties.[3] Our standard of review depends on the grounds upon which appellants claim that the default judgment should be set aside.[4] When the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling.[5] In all

---

[1]*See* Ark. R. Civ. P. 55(a).

[2]*Riggs v. Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588.

[3]*Id.*
[4]*Id.*

[5]*Id.*

other cases where we review a motion to set aside a default judgment, we do not reverse absent an abuse of discretion.[6]

Appellants argue that they were entitled to relief from the default judgment pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure based on excusable neglect. Appellants contend that the circuit court erred in concluding that their failure to timely file an answer to the complaint was not the result of excusable neglect. Appellants argue that the "mere six day delay in filing" the answer was "simply a good faith mistake caused by circumstances completely out of [their] control." Appellant Croft asserts that the delay was caused by significant issues in his personal life: he was in the midst of a contentious divorce and was also receiving death threats. Yet, he still managed to file with only an "inconsequential delay," and appellee suffered no prejudice.

Appellants failed to explain how divorce proceedings and an active police investigation led to the faulty recollection of when they were served. Further, while appellants noted a Missouri circuit court divorce case number and Missouri police report numbers, no documents regarding either were attached or provided for the court and are absent from the record. In *Nucor v. Kilman*,[7] the appellant DiGirolamo argued that increased work obligations based on understaffing, year-end business, holiday rush, major presentations, and the death of his colleague and friend's young child constituted excusable neglect sufficient to set aside the default judgment. Our supreme court affirmed the circuit court's finding that being busy is not excusable neglect. We hold that the same is true here. Although undoubtedly stressful, appellants' busyness with work responsibilities and personal matters

---

[6]*Id.*

[7]358 Ark. 107, 186 S.W.3d 720 (2004).

when the summons was served does not constitute excusable neglect for the failure to tend to business and timely act on the suit.

In Arkansas, the process for setting aside a default judgment requires two things: (1) a defaulting defendant must show one of the four enumerated categories in Rule 55(c) that justify setting the judgment aside; and (2) a defaulting defendant must demonstrate a meritorious defense to the action.[8] Because we affirm the circuit court's finding that appellants' excuse for untimely filing does not constitute excusable neglect, we need not reach appellants' meritorious-defense argument.

We cannot say the circuit court's denial of appellants' motion to set aside the default judgment constituted an abuse of discretion. Accordingly, we affirm.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Miller | Butler*, by: *Chandler Bray* and *Alicia Canfield*, for appellants.

*Friday, Eldredge & Clark, LLP*, by: *Marshall S. Ney*, *Kael K. Bowling*, *Alexis E. Bibbs*, and *Rose E. McGarrity*, for appellee.

---

[8] *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996).