Conrad Leon SMITH, Jr. *v.* Dale EDWARDS

82-279                                                      648 S.W.2d 482

Supreme Court of Arkansas
Opinion delivered April 11, 1983
[Rehearing denied May 9, 1983.]

*Jim O'Hara,* for appellant.

*Rose Law Firm, P.A.,* for appellee.

ROBERT H. DUDLEY, Justice. Rebecca Strickland was killed in a Woodruff County vehicle accident on January 20, 1978. On December 22, 1980, her estate filed a lawsuit against: (1) Conrad Leon Smith, the driver of the car in which she was a passenger, the appellant here; (2) the owner of that car; and (3) Dale Edwards, the driver of the other vehicle, the appellee here. The plaintiff obtained valid personal service on all of the defendants with appellee Dale Edwards receiving at his correct address in Missouri a copy of the complaint and warning order. Both appellant Smith and appellee Edwards answered the plaintiff's complaint.

The basis of this appeal, however, is a cross-complaint filed by appellant Smith against appellee Edwards. Appellant filed the cross-complaint against appellee on January 19, 1981, one day before the action was barred by the statute of limitations. Appellant caused a summons to be directed to the sheriff of Clay County who promptly reported to appellant's counsel that appellee had moved out of the state. The attorney representing appellant on his cross-complaint then filed an affidavit for a warning order alleging that, after diligent inquiry, he was unable to locate the cross-defendant. Appellant then attempted to obtain constructive service under ARCP Rule 4 (f). Eight months later, when appellee first learned of the cross-complaint, he immediately filed a

motion to dismiss. He alleged that as a result of lack of proper service a cause of action on the cross-complaint was not commenced within the period of limitations. The trial court dismissed the cross-complaint. We affirm. This case was certified to the Supreme Court by the Court of Appeals pursuant to Rule 29 (1) (c) since it requires an interpretation of part of the rules on summons and service, ARCP Rules 3 and 4.

Appellant's cross-complaint was filed within the period of limitations by one day but was not properly commenced within this period. ARCP Rule 3 is the rule which governs the issue of whether the action was commenced within the period of limitations. It provides:

> COMMENCEMENT OF ACTION — A civil action is commenced by filing a complaint with the clerk of the proper court who shall note thereon the precise date and time of filing; provided, that an action shall not be deemed to have been commenced as to any defendant not served with process in accordance with these rules within sixty (60) days of the filing of the complaint, unless within that time the person filing the complaint has made an effort, that is noted of record in the clerk's office, to obtain service by a different method provided for in Rule 4. In no event shall the time for obtaining service be extended beyond ninety (90) days without leave of court and for good cause shown.

No leave of court was obtained extending the time of service beyond 90 days. Therefore, in order to commence his cross-complaint within the period of limitations the appellant had a maximum of 90 days from the filing of the complaint in which to complete service of process. The appellee, who was the cross-defendant, resided outside this state at all material times and service by actual notice was not had upon him by any one of the authorized methods. *See* ARCP Rule 4 (e) (1), (2), (3), (4) and (5). Instead, appellant sought to have service by constructive notice. ARCP Rule 4 (f), the rule governing constructive service, provides:

> Service Upon Defendant Whose Identity or Whereabouts Is Unknown: Where it appears by the

affidavit of a party or his attorney that after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for four (4) consecutive weeks in a newspaper having general circulation in a county wherein the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address by any form of mail requiring a signed receipt.

This rule permits constructive service by warning order only if the whereabouts of the defendant is unknown "after diligent inquiry." The affidavit signed by appellant's attorney recites the standard phrase that the location of appellant was unknown "after a diligent and reasonable inquiry." A mere recitation, however, is not enough. As Comment 12 to Rule 4 states:

The burden is on the party attempting service by publication to attempt to locate the missing or unknown defendant. Such party or his attorney is required to demonstrate to the court, by affidavit or otherwise, that after diligent inquiry, the defendant's identity or whereabouts remains unknown.

The trial court's finding that appellant did not make a diligent search is supported by the evidence and is not clearly erroneous. ARCP Rule 52; *Alley* v. *Rodgers,* 269 Ark. 262, 599 S.W.2d 739 (1980). The proof below was that the attorney ad litem on the original complaint located appellee merely by telephoning one of the original plaintiff's attorneys. Appellant did not contact the same attorney. The report of the attorney ad litem on the original complaint filed on March 9, 1981 contained appellee's correct address in Missouri. Appellant did not utilize the information in order to locate appellee and give him actual notice. The accident report, which appellant's attorneys possessed, recited appellee's Missouri driver's license number. His Missouri address was written on his driver's license, which was on file with the Missouri Department of Revenue. No effort was made to obtain the appellee's address through the revenue department. The accident report contained the name and location

of appellee's employer. No inquiry of appellee's address was made of the employer. Moreover, appellant's attorney received a copy of appellee's answer to the plaintiff's original complaint on March 16, 1981, which was well within the 90 days allowed Smith for commencing his action on the cross-complaint under Rule 3. At that time, appellant could have located appellee by simply inquiring of appellee's attorney of record. The proof does not reflect such an inquiry. We affirm the trial court's holding that appellant did not make a diligent inquiry to locate the appellee and cause him to be served in a manner giving actual notice. Since service with actual notice was not completed within 90 days from the date of filing, no extension of time for that type of service was obtained, and no diligent effort was made to locate appellee in order to give him actual notice, the action was not commenced within the period of time allowed by the statute of limitations. Rules 3, 4 (e) and 4 (f).

Appellant next contends that his cross-complaint should not have been dismissed because appellee in fact knew about the filing of the cross-complaint. We find no merit in the argument. It has long been the law in Arkansas that a cross-claim constitutes a separate and distinct cause of action. In order to give the court personal jurisdiction over the cross-defendant it is essential to have service of process on the cross-defendant even when, as here, the cross-defendant is also an original defendant. *Moore* v. *Owens,* 268 Ark. 324, 597 S.W.2d 65 (1980); *Miller* v. *Mattison,* 105 Ark. 201, 150 S.W. 710 (1912) citing *Pillow* v. *Sentelle,* 49 Ark. 430, 5 S.W. 783 (1887); *Ringo* v. *Woodruff,* 43 Ark. 469 (1884). Service of process or a waiver of that service is necessary in order to comply with the Due Process requirements of the United States Constitution. *Davis* v. *Schimmel,* 252 Ark. 1201, 482 S.W.2d 785 (1972).

Finally, appellant argues that since the allegations of plaintiff's complaint are essentially the same as the allegations contained in the cross-complaint, appellee's answer to the complaint should be deemed an answer to appellant's cross-complaint. Appellant relies on *Firestone Tire & Rubber Co.* v. *Little,* 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980) and *Southland Mobile Home Corp.* v. *Winders,* 262

Ark. 693, 561 S.W.2d 281 (1978). In both cases, a co-defendant was granted relief from a default judgment on the theory that the answer of a co-defendant will inure to the benefit of the non-answering co-defendant if tha answer states a defense that is common to both defendants. These cases are based on the Common Defense Doctrine which originated in England around 1600. *See Firestone Tire & Rubber Co. v. Little: Overextension of the Common Defense Doctrine*, 35 Ark. L. Rev. 328 (1982). The rationale of these cases is not applicable to a situation where the defendant fails to answer a cross-complaint filed against him. Unlike co-defendants defending against a common claim, the original plaintiff and the cross-complainant are separate parties stating separate and distinct causes of action. The cross-complainant and the cross-defendant are adverse parties rather than defendants with common interests. Therefore, the answer filed by appellant on the plaintiff's complaint did not constitute a general appearance by appellee on appellant's cross-complaint.

Affirmed.