## GRAND SLAM STORES, L.L.C. *v.* L&P BUILDERS, INC.

CA 05-94                                                      212 S.W.3d 6

Court of Appeals of Arkansas
Opinion delivered September 7, 2005

*Richard C. Downing*, for appellant.

*Herby Branscum Jr.*, for appellee.

SAM BIRD, Judge. On August 27, 2003, the Perry County Circuit Court entered a default judgment against appellant Grand Slam Stores, LLC, after Grand Slam failed to file an answer to a third-party complaint filed against it by appellee L&P Builders, Inc. Grand Slam later filed a motion to set aside the default judgment on the ground that it was void due to defective service of process. The trial court denied Grand Slam's motion and this appeal followed. We hold that service of the third-party complaint on Grand Slam was not properly effected, and we reverse and remand.

On January 21, 2003, Blaylock Heating and Air Conditioning, Inc., filed suit against L&P Builders for breach of contract. On February 28, 2003, L&P Builders filed a third-party complaint against Grand Slam seeking $33,262.53. In an affidavit filed on April 4, 2003, counsel for L&P Builders stated that Grand Slam was served with a certified letter dated February 28, 2003. Attached to the affidavit was a copy of a letter addressed to "Grand Slam Stores LLC," which stated that a third-party complaint and summons were enclosed. The return receipt was signed by "Missy Johns"

and showed a delivery date of March 3, 2003. A check-marked box on the receipt indicated that Missy Johns was the "agent" for Grand Slam.

Grand Slam did not file an answer to the third-party complaint, and the court entered a default judgment against it on August 27, 2003. On July 20, 2004, Grand Slam filed a motion to set aside the default judgment, claiming that it had not been served in the manner required by Rule 4(d)(5) of the Arkansas Rules of Civil Procedure. Specifically, Grand Slam contended that Missy Johns "was not and has never been an officer, partner, member, manager, [or] director" for Grand Slam, and that she "has never been an agent authorized by appointment or by law" to receive service of summons on behalf of Grand Slam.

At the hearing on the motion to set aside the judgment, Ronald Calhoun testified that he owned fifty percent of Grand Slam and that he never had an employee named "Missy Johns." He also said that he had an employee named "Missy Johnson," who was the receptionist for Ron Calhoun and Associates, a real estate company. Calhoun said that Johnson answered the phone, but that she was not an officer of Calhoun and Associates and that she had "no connection" with Grand Slam. According to Calhoun, Missy Johnson was twenty-three years old at the time she worked for his company and was there for approximately eight months. Furthermore, Calhoun said that Johnson was not the registered agent for service of process for Grand Slam.

The trial court denied the motion to set aside the default judgment and ordered Grand Slam to pay $27,329.37 to L&P Builders. On October 5, 2004, Grand Slam filed a motion for reconsideration, again claiming that the default judgment was void because service of process had not been properly effected in accordance with Ark. R. Civ. P. 4(d). The trial court also denied this motion.

On appeal, Grand Slam contends that the court erred in denying its motion to set aside the default judgment and its motion for reconsideration because L&P Builders failed to comply with service of process requirements under Rule 4(d) of the Arkansas Rules of Civil Procedure. Rule 4(d) states, in relevant part:

> (d) *Personal Service Inside the State.* A copy of the summons and complaint shall be served together. The plaintiff shall furnish the

person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:

. . . .

(5) Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

. . . .

(8)(A)(i) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. *The addressee must be a natural person specified by name*, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

(ii) Service pursuant to this paragraph (A) shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of such notice of such refusal, shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against him unless he appears to defend the suit. Any such default or judgment by default may be set aside pursuant to Rule 55(c) if the addressee demonstrates to the court that the return receipt was signed or delivery was refused by someone other than the addressee or the agent of the addressee.

(Emphasis added.)

The standard of review for denial of a motion to set aside a default judgment is whether the trial court abused its discretion. *B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). It has long been recognized in Arkansas that service of process requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact. *See Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Furthermore, Arkansas courts have recognized that judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void. *See Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).

In this case, L&P Builders clearly failed to comply with Ark. R. Civ. P. 4(d)(8). Here, counsel for L&P Builders stated that Grand Slam was served by certified letter dated February 28, 2003, and the letter was addressed to "Grand Slam Stores LLC." We hold that this does not comply with our service of process requirements under Ark. R. Civ. P. 4(d)(8), which requires that an addressee be a "natural person specified by name." A "natural person" is a "human being." *See Black's Law Dictionary* 1178 (8th ed. 2004). A limited liability company is clearly not a "natural person" within the meaning of Ark. R. Civ. P. 4(d)(8), and the letter did not name any human being as an addressee. Thus, Grand Slam was not properly served under our rules of civil procedure, and the trial court abused its discretion by failing to grant Grand Slam's motion to set aside the default judgment and its motion for reconsideration. We therefore reverse and remand for further proceedings.

Reversed and remanded.

HART and CRABTREE, JJ., agree.