2011 Ark. App. 438

Karen SCOTT, Appellant

v.

Jim Paul WOLFE, Appellee.

No. CA 10–1267.

Court of Appeals of Arkansas.

June 15, 2011.

Jerome Edward Larkowski, Little Rock, for appellant.

Kathryn A. Stocks, Fort Smith, for appellee.

DOUG MARTIN, Judge.

The Hot Spring County Circuit Court granted appellee Jim Paul Wolfe's "Petition for Scire Facias," thus reviving a judgment by default entered on September 13, 2000, in which appellant Karen Scott was ordered to pay $19,800 plus $1,000 in attorney's fees. The trial court denied Scott's motion to set aside the default judgment and entered an "Order Reviving or Extending Judgment" filed September 28, 2010, from which Scott appeals. We find merit in Scott's argument that Wolfe did not make a diligent inquiry as to Scott's whereabouts before attempting to obtain service by warning order pursuant to Arkansas Rule of Civil Procedure 4(f).[1] Accordingly, the default judgment entered against Scott was void ab initio. We reverse and dismiss.

*Entry of Default Judgment in 2000*

Wolfe is in the business of breeding goats and selling their offspring for profit. On or about November 1, 1994, Wolfe placed an advertisement in the Arkansas Democrat–Gazette seeking to purchase pure-bred registered goats. Scott responded to the advertisement and verbally agreed to sell two Toggenburg goats and eight to ten Nubian goats for $100 each. Scott assured Wolfe that all of the goats were registered and pregnant and that breeding certificates would be furnished. On or about November 8, 1994, Wolfe drove to Scott's residence in Traskwood in Saline County, where he paid cash for and took possession of the goats. Scott gave Wolfe a handwritten receipt indicating the amount paid and noting that registration

---

1. Where it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for two consecutive weeks in a newspaper having general circulation in a county where- in the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or the agent of the addressee. Ark. R. Civ. P. 4(f)(1) (2000).

papers and breeding certificates would be provided. From 1995 through 1999, Scott promised to provide the documentation for the goats but failed to do so.

On February 18, 2000, Wolfe filed a complaint in Hot Spring County Circuit Court, seeking damages for the difference between the fair market value of the goats sold without papers and the fair market value of the goats had they been sold with the proper documentation. Wolfe alleged that he suffered a loss of income in excess of $5,000 because he could not sell the goats he purchased from Scott as registered animals. Wolfe, who is from Greenwood in Sebastian County, Arkansas, alleged that Scott was, at all times relevant to the case, a citizen and resident of Malvern in Hot Spring County, Arkansas.

On May 26, 2000, Wolfe's attorney filed an affidavit stating that, on February 23, 2000, he mailed an original, file-marked complaint and two summonses to Richard Colley, a process-server in Malvern, for the purpose of procuring service on Scott. The affidavit states simply, "Richard Colley was unable to locate and serve the Defendant, Karen Scott." The affidavit further provides that, on April 19, 2000, Wolfe's attorney mailed a file-marked copy of the summons and complaint by certified mail, return receipt requested, and restricted delivery to Scott at her last known address of 2210 Traskwood, Malvern, Arkansas 72104. Wolfe's attorney averred that on April 24, 2000, the envelope was returned to him and marked by the U.S. Postal Service as "Returned to Sender, No Such Number." Pursuant to Ark. R. Civ. P. 4(f)(1), Wolfe's attorney requested that the Hot Spring County Circuit Clerk issue a warning order to Scott and publish it for two consecutive weeks in a newspaper having general circulation in Hot Spring County. Wolfe's attorney also stated that, pursuant to Rule 4(f)(1), he was mailing a copy of the complaint and warning order to Scott at her "last known address" with delivery restricted to Scott or her agent.

On June 14, 2000, Wolfe's attorney filed an "Affidavit of Service of Process" and attached a copy of the Certificate of Publication indicating that the warning order was published in the Malvern Daily Record on June 1, 2000, and June 8, 2000. Also attached to the affidavit was a statement from the Malvern Daily Record and the law firm's check made out to the newspaper for $96.80.

On August 7, 2000, Wolfe moved for a default judgment, alleging that Scott had been served pursuant to Rule 4(f)(1) and had failed to timely respond. Thereafter, on September 13, 2000, a hearing was held, and a default judgment was granted on August 7, 2000. The trial court awarded Wolfe damages in the amount of $19,800, plus an attorney's fee in the amount of $1,000.

*Petition to Revive Judgment in 2010*

Wolfe filed a "Petition for Scire Facias" to revive the default judgment on February 4, 2010, alleging that the balance of the judgment remains wholly unsatisfied. The petition correctly states that Scott's last known address is 2210 Traskwood Road, Traskwood, Arkansas 72167.

On February 26, 2010, Scott responded to Wolfe's petition and moved to set aside the default judgment, alleging that she has lived at 2210 Traskwood Road, Traskwood, Arkansas 72167, since 1994. Scott cites a pre-Civil Procedure Rules case, contending that no personal judgment can be rendered against a defendant who is constructively served. Scott argues that constructive service through a warning order pursuant to Ark. R. Civ. P. 4(j) was not intended to be used where a money judgment was sought and mistakenly received. Alternatively, Scott argues that Wolfe did not make a diligent inquiry as

to her whereabouts, as required by Rule 4(f). She points out that Wolfe obviously knew where her home was located because he drove to her residence to purchase the goats. Scott states that there is no evidence that Wolfe questioned why the certified mail came back undeliverable when it was sent to the wrong, non-existing address and no evidence that Wolfe directed the process-server to her residence. Scott also argues that Wolfe did not file an affidavit with the court stating that thirty days had elapsed since the first publication of the warning order or that thirty days had passed since Wolfe mailed Scott a copy of the warning order and complaint. Scott argues that thirty days had not passed, given that the affidavit was filed on June 14, 2000, when the warning order was published on June 1 and 8 and the certified mail, addressed to yet another incorrect address at Hot Spring County Road 66, Malvern, Arkansas, was postmarked June 1, 2000. Scott argues that the trial court did not have personal jurisdiction over her in entering the default judgment, which violates due process. Scott maintains that the default judgment is void because attempted service was invalid and she had no notice of the suit against her.

At a hearing held on September 1, 2010, the trial court ruled:

> This Court is not about to set aside a Judgment that was entered ten years ago when the defendant has known for many years that it was in existence. I believe I heard some abstract company was interested in 2007. She's selling a home or property and can't get rid of it because of a judgment. You know that then, you waited that many more years to do anything. And the Court believes that sufficient compliance, I'll call it, there is with the requirement of the service because the publication was made. She had more than 30 days to appear and defend this action, she was

on notice of that, the mere filing early had nothing to do—did not prejudice her rights in any way whatsoever to appear and defend this case, when it should have been done. The Petition for Scire Facias is granted. The Motion to Set Aside is denied. That's the Court's order.

Thereafter, on September 28, 2010, the trial court entered an order reviving the judgment and providing that Scott owes $41,526.03 as of September 1, 2010, and that the judgment is extended for another ten-year period, unless satisfied sooner. Scott timely appealed from this ruling on October 1, 2010.

### De Novo Review

■ On appeal, Scott makes the same arguments as set forth above in responding to Wolfe's "Petition for Scire Facias," but Scott adds that she is not barred from challenging the default judgment by laches or estoppel because those defenses do not apply to void judgments.

Arkansas Rule of Civil Procedure 55(c) provides that a default judgment can be set aside for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c) (2010). Scott argues here that the default judgment entered against her is void. We agree.

■ In cases involving an appeal of the grant or denial of a motion to set aside a default judgment, our standard of review depends on the grounds upon which the appellant is claiming the default judgment should be set aside. *Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007) (citing *Nucor Corp. v. Kilman*,

358 Ark. 107, 186 S.W.3d 720 (2004)). Ordinarily, this court applies an abuse-of-discretion standard; however, in cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.*

Rule 4(f)(1) of the Arkansas Rules of Civil Procedure provides that, if it appears by the affidavit of a party seeking judgment or his attorney that, after diligent inquiry, the whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk. This rule permits constructive service by warning order only if the whereabouts of the defendant is unknown "after diligent inquiry." A mere recitation in an affidavit that a diligent inquiry was made is not sufficient. *See, e.g., Smith v. Edwards,* 279 Ark. 79, 648 S.W.2d 482 (1983). The burden is on the moving party to demonstrate to the court that he actually attempted to locate the defendant. *Id.* Wolfe obviously knew of Scott's whereabouts, as he alleged in his complaint that he traveled to Scott's residence to retrieve the goats he purchased in 1994. In fact, Scott was at the same residence in Traskwood—not Malvern—throughout the course of these proceedings.

Under these circumstances, we agree with Scott that Wolfe did not make a diligent inquiry into her whereabouts. While Wolfe asserted that "defendant did all she could to avoid service," thus forcing him to obtain service by warning order, there is no evidence that Scott avoided service at her residence in Traskwood. A copy of Scott's 2000 personal property assessment is in the abstract, and it contains Scott's correct address in Traskwood. The certified mail was not returned "unclaimed"; rather, it was returned because there was "no such number," i.e., the residence was not in existence. Wolfe served Scott with the "Petition for Scire Facias" at her correct address, but all of his attempts in 2000 were at different incorrect addresses and thus improper. While Scott may have learned about a lien against her property in 2006 or 2007, that knowledge does not validate a void default judgment regardless of when the judgment was entered.

Because Wolfe knew of Scott's whereabouts, as he had been to her residence, Scott was entitled to actual notice. Comment 12 to Rule 4(f) states that the rule requires service resulting in actual notice in all cases where the identity or whereabouts of the defendant is known. Wolfe failed to strictly comply with the applicable service requirements, and service of valid process is necessary to give a court jurisdiction over a defendant. *Nucor, supra.* Judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void. *Grand Slam Stores, LLC v. L & P Builders, Inc.,* 92 Ark.App. 210, 212 S.W.3d 6 (2005). Wolfe's reliance on laches and estoppel is misplaced, as those doctrines do not apply where a default judgment is, as here, void ab initio. *See Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001); *Lawson v. Edmondson,* 302 Ark. 46, 786 S.W.2d 823 (1990). We do not address Scott's remaining arguments because the jurisdictional issue is dispositive. *Wilson v. Beckett,* 95 Ark.App. 300, 236 S.W.3d 527 (2006).

For the reasons cited herein, we reverse and dismiss.

ROBBINS and BROWN, JJ., agree.