

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–680

| | |
|---|---|
| MONTREVEL BILLINGS, ET AL.<br>APPELLANTS | **Opinion Delivered** March 2, 2016 |
| V. | APPEAL FROM THE CRAWFORD<br>COUNTY CIRCUIT COURT<br>[NO. 17CV-12-210] |
| U.S. BANK NATIONAL<br>ASSOCIATION<br>APPELLEE | HONORABLE GARY COTTRELL,<br>JUDGE<br><br>REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

This appeal stems from the Crawford County Circuit Court's denial of Montrevel Billings's motion for reconsideration. When Doann Billings passed away in 2011, her mortgage with U.S. Bank for 701 South 38th Street in Van Buren was past due. Doann's son, Montrevel Billings, moved into the home and expressed his interest in assuming the loan. U.S. Bank, the holder of the mortgage, and Billings could not reach an agreement, and the bank proceeded with the foreclosure. U.S. Bank filed a complaint on April 20, 2012, and in it stated that Montrevel might "be claiming a tenancy interest in the subject property."

U.S. Bank requested to proceed with constructive service via a warning order to be issued to the unknown heirs of Doann Billings and the occupants of the home. The circuit court granted the request on May 3, 2012. The affidavit for a warning order set forth that counsel for U.S. Bank "made diligent inquiry and that it is its information and belief that

Defendant(s), THE UNKNOWN HEIRS OF DOANN BILLINGS . . . are no longer resident at their last-known address of 701 South 38th Street, Van Buren, Arkansas 72956. Plaintiff, by its attorneys, further states that Defendant(s)' present address(es) are unknown."

A week later on May 10, 2012, a fax entitled "Doann Billings" and with the message "Petition for Appointment of Personal Representative" was sent from the Booth Law Firm to counsel for U.S. Bank, Scott Goldsholl. The fax was a request for Montrevel to be appointed as the personal representative of Doann's estate, and it listed his address as "701 S. 38th St., Van Buren, AR 72956[.]" The petition also listed Montrevel as Doann's son and heir.

Two days later, U.S. Bank placed its warning order in the Press–Argus Courier. The warning order ran two times, the first publication being on May 12 and the last publication on May 19, 2012. U.S. Bank filed an amended complaint on May 16, 2012, naming Montrevel Billings and his sisters, Madeline Billings and Raachell Billings, as the three known heirs. The affidavit listed their addresses and showed Montrevel's address as being that of the home at issue.

U.S. Bank filed another affidavit for a warning order on June 22, 2012, and in it U.S. Bank asserted that, after a diligent inquiry, it ascertained that Montrevel Billings was no longer a resident at 701 South 38th Street and that his current address was unknown. The second warning order ran in the Press–Argus Courier on June 27 and again on July 4, 2012.

On October 3, 2012, U.S. Bank filed an affidavit of service, claiming that it had properly executed the warning order and that it had also mailed a copy of the warning order

SLIP OPINION

to the last-known address of Montrevel Billings. The attached copies of the envelopes showed that the letter had been mailed July 5, July 10, and July 20, 2012, and stamped by the post office as "unclaimed."

On October 15, 2012, the circuit court entered a default judgment in which it dismissed Montrevel, declared the home to be in foreclosure, and ordered the home to be sold in a commissioner's sale. Notice of the commissioner's sale was done by warning order in the Press-Argus Courier on October 20, 2012. On November 8, 2012, U.S. Bank filed a motion to postpone the commissioner's sale and requested that the sale be reset for December 14, 2012. The motion was granted.

On November 9, 2012, Montrevel filed a motion to vacate the decree of foreclosure. In his motion, he asserted that the decree was void for lack of service. Montrevel argued that he had been living at the home in question since his mother's death, and that the first notice he had received was on October 26, 2012, in the form of a letter informing him that a commissioner's sale would take place on November 14, 2012. He asserted that the letter of service was sent to "701 South 3, Van Buren, Arkansas (where I have never resided) on July 5, 10, and 20, 2012[.]" Montrevel also alleged in his brief that U.S. Bank was not authorized to do business in Arkansas.

On December 7, 2012, the court suspended the sale of the home until the matter could be settled. The circuit court held a hearing on April 29, 2015. At the hearing, counsel for Montrevel argued that service was not properly made; therefore, the order of foreclosure was void. The circuit court found that the service was proper and denied the motion to dismiss.

Montrevel filed a motion for reconsideration on May 1, 2015, that was denied on May 22, 2015. Montrevel filed a timely notice of appeal.

Montrevel raises two points on appeal. First, he asserts that the default judgment should be set aside as void for lack of proper service; second, he argues that U.S. Bank is not authorized to do business in Arkansas. We agree that the default judgment was void for lack of service, and we reverse and remand.

In cases involving an appeal of the grant or denial of a motion to set aside a default judgment, our standard of review depends on the grounds upon which the appellant is claiming the default judgment should be set aside. *Scott v. Wolfe*, 2011 Ark. App. 438, at 6, 384 S.W.3d 609, 612. Ordinarily, this court applies an abuse-of-discretion standard; however, in cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.*

As we have long held, statutory-service requirements, being in derogation of the common law, are strictly construed and compliance must be exact. *XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, at 8, 467 S.W.3d 161, 167. This rule applies equally to the service requirements imposed by rules of the court. *Id.* at 8–9; Rule 4(f)(1) of the Arkansas Rules of Civil Procedure provides that, if it appears by the affidavit of a party seeking judgment or his attorney that, after diligent inquiry, the whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk. *Scott*, 2011 Ark. App. 438, at 7. A mere recitation in an affidavit that a diligent inquiry was made is not sufficient. *See, e.g.*, *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983). The burden is on the moving

party seeking constructive service by warning order to demonstrate to the court that he actually attempted to locate the defendant. Ark. R. Civ. P. 4(f); *XTO*, *supra*.

In *XTO*, 2015 Ark. App. 203, at 9-10, our court made it very clear that reciting the words "diligent inquiry" in an affidavit for a warning order is insufficient to show that a diligent inquiry actually occurred:

> Simply stated, the affidavit for warning order in the 1984 case was insufficient because it was conclusory, containing no indication of what steps were taken as part of the required "diligent inquiry" as to the whereabouts of N.H. Tarver or his heirs. The Thackers attempted to cure this defect by submitting an affidavit from Dan Stripling, their attorney in the 1984 case, that, although stating that he had no independent recollection of the 1984 case, nevertheless listed the steps he believed that he would have taken in making a diligent inquiry as to the whereabouts of N.H. Tarver and the other named defendants. However, the facts showing the diligent inquiry were required to be set forth at the time the warning order was issued.

(Citations omitted.) Our holding in *XTO* demonstrates that the diligent-inquiry requirement must be fulfilled before the warning order issues, and facts supporting the assertion that a diligent inquiry took place must be shown in the affidavit.

In the present case, U.S. Bank presented no facts in either the May or the June affidavit to support its statement that it made a diligent inquiry into the whereabouts of Montrevel Billings. U.S. Bank's contention on appeal is that it attempted to mail the warning order to Montrevel Billings at the 38th Street address on July 5, July 10, and July 20, 2012, and that Montrevel had avoided service of the warning order; however, statements describing the efforts U.S. Bank made to deliver the warning orders *after* they were issued are not material here. U.S. Bank was required to show what efforts it made, if any, to locate Montrevel *before*

5

it sought constructive service by a warning order. U.S. Bank did not include any facts in its affidavits for a warning order to show any efforts it may have taken to diligently inquire into Montrevel's location; therefore, service by warning order was not properly executed.

Arkansas courts have recognized that judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void. *Grand Slam Stores, L.L.C. v. L & P Builders, Inc.*, 92 Ark. App. 210, 213, 212 S.W.3d 6, 8 (2005). The court may, upon motion, set aside a default judgment previously entered if the judgment is void. Ark. R. Civ. P. 55. We hold that service was not proper; thus, the default judgment is void, and we reverse and remand.

For his second point on appeal, Billings argues that U.S. Bank is not properly registered to do business in Arkansas. This point was not preserved. A party's failure to obtain a ruling is a procedural bar to the court's consideration of the issue on appeal. *City of Little Rock v. Rhee*, 375 Ark. 491, 498, 292 S.W.3d 292, 296 (2009). In Montrevel's letter to the circuit court to reconsider its ruling, he did not mention the issue or request a ruling on the matter, and the circuit court's letter order did not address the status of U.S. Bank to do business in Arkansas. Thus, we decline to reach the issue.

Reversed and remanded.

GLADWIN, C.J., and GRUBER, J., agree.

*Frank W. Booth*, for appellants.

*Taylor & Taylor Law Firm, P.A.*, by: *Tasha C. Taylor* and *Andrew M. Taylor*, for appellee.