Cite as 2017 Ark. App. 362



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-396

| | |
|---|---|
| TENANTS OF 1974 LAKELAND ACRES ROAD, DRASCO, ARKANSAS (IF ANY), AND THOMAS KELSO<br><br>APPELLANTS<br><br>V.<br><br>U.S. BANK<br><br>APPELLEE | Opinion Delivered: May 31, 2017<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. 12CV-12-223]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

This appeal arises from a default judgment entered against Thomas Kelso in a foreclosure case. Kelso appeals from the trial court's denial of his amended motion to set aside the default judgment. Kelso argues that service of process, which was by warning order, was defective because the affidavit in support of the warning order was insufficient. After conducting a de novo review, we agree with Kelso's argument that there was a failure of strict compliance with our service requirements and that the trial court erred in denying his motion to set aside the judgment. Therefore, we reverse and remand.

In 2006, Kelso executed a note and mortgage for $284,800, which was secured by residential property at 1974 Lakeland Acres Road in Drasco, Arkansas. The mortgage was later assigned to the appellee herein, U.S. Bank. On October 30, 2012, U.S. Bank filed a foreclosure complaint alleging that Kelso was in default because he had failed to make any payments on the mortgage and note since October 2008.

SLIP OPINION

U.S. Bank attempted to serve Kelso on November 3, 2012, by mailing the complaint and summons to a P.O. Box address in Searcy, Arkansas, which it had discovered from an internet search. U.S. Bank also attempted to effect service on November 5, 2012, by mailing the summons and complaint to the address of the mortgage property. These efforts by the Bank to locate Kelso proved unsuccessful, and the Bank then sought a warning order.

On December 6, 2012, U.S. Bank filed an affidavit for warning order. In the affidavit, the attorney for U.S. Bank stated:

1. U.S. Bank's records do not contain a current address for Thomas Kelso.
2. Diligent effort has been made, but U.S. Bank has been unable to contact or otherwise serve the defendant as evidenced by receipts which are collectively attached hereto as Exhibit "A."
3. A search performed on the internet did not produce an additional address or telephone number for the defendant.
4. U.S. Bank and this office have made diligent inquiry, but have been unable to achieve service upon or determine the whereabouts of said defendant.

The Exhibit "A" attached to the affidavit contained a U.S. Postal Service receipt showing payment for return receipt, restricted delivery to Thomas Kelso at P.O. Box 882, Searcy, Arkansas 72145, with tracking number 6084. A USPS "Track and Confirm" document indicated that delivery of the package with tracking number 6084 was attempted on November 3, 2012. Also attached to the affidavit was a certified-mail "green card" documenting an article addressed to "Tenants" at 1974 Lakeland Acres Road, Drasco, Arkansas 72530, with tracking number 6091. An envelope with that address and tracking number showed attempted certified-mail restricted delivery on November 5, 2012, with the notation "Return to Sender-Vacant."

On the same day U.S. Bank filed the affidavit, the trial court issued a warning order, warning Kelso to appear and answer the foreclosure complaint within thirty days of

publication or face entry of default judgment. U.S. Bank mailed the warning order and complaint via certified, restricted-delivery mail to Thomas Kelso, P.O. Box 882, Searcy, Arkansas 72145, and the envelope was returned as "Unclaimed." The warning order was published in *The Sun Times*, a Cleburne County newspaper, one time per week for two consecutive weeks.

Kelso failed to respond to the warning order, and on April 13, 2013, U.S. Bank filed a motion for default judgment. On May 9, 2013, the trial court granted U.S. Bank's motion for default judgment and entered an order of foreclosure. The foreclosure sale was held on August 2, 2013, and the trial court confirmed the sale on August 9, 2013.

On June 6, 2014, Kelso filed an amended motion to set aside the default judgment and order of foreclosure and to void the commissioner's deed, arguing that U.S. Bank had failed to obtain valid service.[1] In his amended motion, Kelso asserted that U.S. Bank had failed to perform a diligent inquiry to locate and serve him and had failed to attach sufficient evidence of diligent inquiry to its affidavit for warning order.

Two hearings were held on Kelso's amended motion to set aside the default judgment, wherein the parties made arguments pertaining to the sufficiency of service. On December 7, 2015, the trial court entered an order denying Kelso's amended motion to set aside the default judgment. In its order, the trial court found that U.S. Bank had complied

---

[1]Kelso had filed a previous motion to set aside the default judgment on December 23, 2013, contending that the mortgage assignment to U.S. Bank was fraudulent and that U.S. Bank lacked standing to foreclose on the note. However, Kelso withdrew his first motion as well as his arguments regarding fraudulent assignment and standing, so these issues have been abandoned and are not before our court on appeal.

with the service requirements of Ark. R. Civ. P. 4, and in particular had complied with Rule 4(f) pertaining to service by warning order.

In this appeal, Kelso argues that the trial court erred in failing to set aside the default judgment because U.S. Bank's affidavit failed to demonstrate that it had conducted a diligent inquiry into his whereabouts before serving him by warning order. Although Rule 55 of the Arkansas Rules of Civil Procedure provides for entry of a default judgment when a party fails to appear or otherwise defend, our supreme court has recognized that defaults are not favored. *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006). Because of its harsh and drastic nature that can result in the deprivation of substantial rights, a default judgment should be granted only when strictly authorized. *Id.* Service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Heirs of Duncan v. Alfred T. Williams Living Trust*, 2013 Ark. App. 740. Judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void. *Id.* Kelso argues that due to ineffective service, the default judgment and order of foreclosure was void. When an appellant claims that a default judgment is void, the matter is a question of law that we review de novo. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *Young v. Welch*, 2016 Ark. App. 614. Based on our de novo review, we agree that the default judgment was void for lack of strict compliance.

Actual service was not accomplished in this case. However, U.S. Bank contends that it accomplished service by warning order pursuant to Rule 4(f). We disagree.

Rule 4(f) provides, in relevant part:

(f)     *Service By Warning Order.*
1.      If it *appears by the affidavit* of a party seeking judgment or his or her attorney that, *after diligent inquiry*, the identity or whereabouts of a defendant remains unknown, or if a party seeks a judgment that affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court, service shall be by warning order issued by the clerk. This subdivision shall not apply to actions against unknown tortfeasors.
2.      The warning order shall state the caption of the pleadings; include, if applicable, a description of the property or other res to be affected by the judgment; and warn the defendant or interested person to appear within 30 days from the date of first publication of the warning order or face entry of judgment by default or be otherwise barred from asserting his or her interest. The party seeking judgment shall cause the warning order to be published weekly for two consecutive weeks in a newspaper having general circulation in the county where the action is filed and to be mailed, with a copy of the complaint, to the defendant or interested person at his or her last known address by any form of mail with delivery restricted to the addressee or the agent of the addressee.

(Emphasis added.)   This rule permits constructive service by warning order only if the whereabouts of the defendant is unknown after "diligent inquiry." *Scott v. Wolfe*, 2011 Ark. App. 438, 384 S.W.3d 609.  A mere recitation in an affidavit that a diligent inquiry was made is not sufficient.  *Id.*  An affidavit will be deemed insufficient if it is conclusory or "contain[s] no indication of what steps were taken as part of the required 'diligent inquiry' as to the whereabouts" of a defendant.  *XTO Energy, Inc., v. Thacker*, 2015 Ark. App. 203, at 9, 467 S.W.3d 161, 168.  The burden is on the moving party to demonstrate to the court that he actually attempted to locate the defendant.  *Scott, supra.*

In *Billings v. U.S. Bank National Ass'n*, 2016 Ark. App. 134, 484 S.W.3d 715, we stated that the diligent-inquiry requirement must be fulfilled before a warning order issues, and facts supporting the assertion that a diligent inquiry took place must be shown in the affidavit.  We hold that there was no strict compliance with Rule 4(f)(1) because the affidavit

and attached exhibits submitted by U.S. Bank prior to the issuance of the warning order failed to demonstrate a diligent inquiry into Kelso's whereabouts.

U.S. Bank's affidavit for warning order stated that U.S. Bank had made diligent inquiry, referenced an internet search, and attached an exhibit as evidence of U.S. Bank's attempts at service. The first document included in the exhibit was a certified mail receipt indicating that U.S. Bank had made payment for return-receipt restricted delivery of an item to be sent to Thomas Kelso at P.O. Box 882, Searcy, Arkansas 72145, with tracking number 6084. The USPS "Track and Confirm" document associated with that tracking number showed only that a notice had been left by certified mail, with no information on whether the item had been claimed. The remaining attachments to the exhibit were a "green card" showing certified mail addressed to "Tenants" at 1974 Lakeland Acres Road, Drasco, Arkansas 72530, and a copy of an envelope bearing that address and the notations "Restricted Delivery" and "Return to Sender-Vacant." We observe that restricted delivery at the address of the mortgage property on Lakeland Acres would not have been possible because the mailed item was addressed to "Tenants" as opposed to Thomas Kelso. There was no other information to support U.S. Bank's claim in its affidavit that it had conducted a diligent inquiry into Kelso's whereabouts, and we hold that the affidavit and supporting exhibit failed to demonstrate that U.S. Bank had made a diligent attempt to locate the defendant as required by our service rules.

In U.S. Bank's appellate brief, it directs us to documentation reflecting that the summons and complaint mailed to the P.O. Box 882 address in Searcy was mailed restricted delivery and was unclaimed. However, this exhibit, which was an envelope containing

tracking number 6084 and the notations "Restricted Delivery" and "Unclaimed," was not attached to the affidavit for warning order and was not before the trial court when the warning order issued. U.S. Bank further asserts that the P.O. Box 882 address in Searcy, which it had discovered in its internet search, was the same address that Kelso himself had provided in a correspondence to his mortgage servicer, Wells Fargo, six months before the foreclosure complaint was filed. However, this correspondence, which contains Kelso's electric bill reflecting the Searcy address, was not presented to the trial court when U.S. Bank applied for the warning order, but was instead presented later after Kelso filed his motion to set aside the default judgment. Limiting our inquiry to the affidavit for warning order and the exhibit attached thereto, we simply cannot conclude that U.S. Bank demonstrated a diligent inquiry prior to the issuance of the warning order.

Finally, we address two arguments U.S. Bank makes as alternative grounds to affirm. U.S. Bank asserts that Kelso's mortgage contract provided that any notices to the borrower in connection with the security instrument shall be sent to the mortgage address, and that it was Kelso's obligation to inform Wells Fargo of any change in address. U.S. Bank also argues that, because Kelso refused to answer the Bank's discovery requests regarding his address and other issues relating to service, Kelso should be estopped from challenging the sufficiency of service.

Neither of these alternative arguments were raised to the trial court or ruled on below. Moreover, neither argument has merit. The fact that Kelso was contractually obligated to keep his mortgage servicer apprised of his address for purposes of correspondences relating to the mortgage has no relevance to whether service of process by

U.S. Bank was sufficient to satisfy due process. And Kelso's failure to answer discovery during the proceedings to set aside the default judgment did not prejudice U.S. Bank because the inquiry before the trial court in those proceedings was whether the bank had demonstrated a diligent inquiry in locating Kelso *at the time it applied for the warning order* based on the information then available. The issue of whether there had been a diligent inquiry was not dependent on after-acquired information obtained through discovery.

We conclude that there was a failure of strict compliance with our service requirements and that the May 9, 2013 default judgment and foreclosure decree was void for lack of jurisdiction. We therefore hold that the trial court erred in denying Kelso's amended motion to set aside the default judgment, and we reverse.

Reversed and remanded.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*The Cruz Law Firm, PLC*, by: *Kathy A. Cruz*, for appellants.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, by: *Bradley E. Trammell*; and *Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for appellee.